**Linneth A. BROWN–SCOTT, Plaintiff–Appellant,**

v.

**HARTFORD BOARD OF EDUCATION, Defendant–Appellee.**

**Docket No. 02–7224.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2002.

Linneth A. Brown–Scott, pro se, Hartford, CT, for Appellant.

Ann F. Bird, Assistant Corporation Counsel, City of Hartford, Hartford, CT, for Appellee.

Present JOHN M. WALKER, JR., Chief Judge, JON O. NEWMAN, and F.I. PARKER, Circuit Judges.

SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Linneth A. Brown–Scott appeals from the January 31, 2001 grant of summary judgment for the Hartford Board of Education on Brown–Scott's claim of retaliation in violation of the First Amendment.[1] Brown–Scott argues that the district court erred in finding that Brown–Scott's statements in her 1995 race and age discrimination complaint were not matters of public concern and in not considering whether her statements in her 1997 retaliation complaint included matters of public concern. We review the grant of summary judgment *de novo.*

The relevant facts are as follows. In 1995, Brown–Scott, a teacher at Thirman L. Milner School in Hartford, was moved from second grade to kindergarten. Brown–Scott filed a complaint with the Connecticut Commission on Human Rights (CCHR) alleging that the transfer was the result of race and age discrimination. The school settled this complaint with Brown–Scott, returning her to a position teaching second grade. In 1997, Brown–Scott filed a second complaint before the CCHR alleging that, in retaliation for her 1995 complaint, the school had placed an unusually large number of special-needs students in her class, refused to provide her adequate assistance in handling difficult students, and harassed her by frequently monitoring her teaching. In 1998, the Hartford Board of Education discharged Brown–Scott on the ground of poor work performance. In 1999, the CCHR determined that her 1997 claim was without merit.

In the district court, Brown–Scott argued that the Hartford Board of Education had violated her First Amendment rights by retaliating against her in response to her 1995 complaint. Because public employees are protected from re-taliation only for statements that relate to matters of public concern, *Connick v. Myers,* 461 U.S. 138, 146, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), Brown–Scott was required to show that her statements included matters of public concern. The district court found that her 1995 CCHR complaint was focused entirely on her personal situation and had not been filed to implicate any system-wide problem with the Hartford School District and, therefore, granted summary judgment. Because Brown–Scott's 1995 CCHR complaint addressed only her individual situation, we agree with the district court that this complaint did not include matters of public concern.

During the proceedings before the district court, Brown–Scott's attorney did not raise the question of whether the 1997 CCHR complaint included matters of public concern which might have contributed to Brown–Scott's dismissal. Because we generally will not consider issues raised for the first time on appeal, *see Maska U.S., Inc. v. Kansa Gen. Ins. Co.,* 198 F.3d 74, 79–80 (2d Cir.1999), and consideration of Brown–Scott's argument that the 1997 complaint related to matters of public concern is not "necessary to remedy an obvious injustice," *id.,* we will not now consider the issue.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

---

1. Although on appeal Brown–Scott appears *pro se,* she was represented by counsel before the district court.